UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DALE PRICE,

        Plaintiff,

v.                                     Case No. 2:05-cv-85
                                               HON. R. ALLAN EDGAR

UNKNOWN FAGHIHNIA, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Dale Price, an inmate currently confined at the Grand Rapids Correctional Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Ardeshir Faghihnia and nurse Jeri C. Randall.  Plaintiff's complaint alleges that his Eighth Amendment rights were violated by defendants when they took him off prescribed seizure medication and he subsequently suffered a seizure.  Plaintiff alleges that he was prescribed Nitro since 1997 and a seizure medication since 1982.  The medications prevented seizures and relieved chest pain.  On January 28, 2005, plaintiff alleges that he suffered a seizure and mild stroke after he was taken off these medications by defendants.

        Dr. Faghihnia took plaintiff off his seizure medication, Tegretol, on July 27, 2004, when he examined plaintiff at the Jackson Medium Correctional Facility.  Plaintiff alleges that he has suffered eight seizures since he was taken off the medication.  While at the Objibway Correctional Facility, plaintiff was seen by nurse Randall on November 15, 2004.  Nurse Randall would not renew plaintiff's seizure medication and also took his Nitro away.  As a result, plaintiff

alleges that he suffered a seizure causing him to fall down a flight of stairs.  Defendants have moved for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff's claim that he was denied medication implicates the Eighth Amendment.  Defendants argue that plaintiff's claims should be dismissed.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend.

VIII.   The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-05, 97 S. Ct. 285, 290-92 (1976).   A claim under the Eighth Amendment comprises an objective and subjective component:   (1) a  sufficiently grave deprivation and (2) a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).   The deliberate indifference standard applies to all claims challenging conditions of confinement, which include claims of inadequate medical care.  *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2326 (1991).  For a medical claim, the Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Estelle*, 429 U.S. at 104-05, 97 S. Ct. at 290-92; *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995).

The deliberate indifference standard "describes a state of mind more blameworthy than negligence."  *Farmer*, 511 U.S. at 835.   To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official both must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must draw the inference.   *Id.* at 837.   The reason for focusing on the official's mental attitude is to isolate those defendants who inflict punishment.  *Id.* at 839.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment.  *Estelle*, 429 U.S. at 105, 97 S. Ct. at 291-92.   As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

- 3 -

> the Eighth Amendment. Medical malpractice does not become a
> constitutional violation merely because the victim is a prisoner.
> In order to state a cognizable claim, a prisoner must allege acts or
> omissions sufficiently harmful to evidence deliberate indifference to
> serious medical needs.

*Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 292,  (quotations omitted).  Thus, differences in judgment

between an inmate and prison medical personnel regarding the appropriate medical diagnoses or

treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward

v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996).  This is so even if the

misdiagnosis results in an inadequate course of treatment and considerable suffering.  *Gabehart v.

Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. April 4, 1997).

     The Sixth Circuit distinguishes "between cases where the complaint alleges a

complete denial of medical care and those cases where the claim is that a prisoner received

inadequate medical treatment."  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).  Where,

as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the

treatment, federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5

(6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. April 27,

2001; *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v.

Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124,

1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *

4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir.

April 4, 1997).

     Defendant Dr. Faghihnia, M.D., first saw plaintiff at the Southern Michigan

Correctional Facility on July 15, 2004, as a new intake prisoner from the Ojibway Correctional

- 4 -

Facility.  Dr. Faghihnia did a chronic care examination and noted that plaintiff had no complaints. Plaintiff had been taken off the seizure clinic roster in 1998 during a prior incarceration.  Plaintiff was taking Tegretol at sub-therapuetic levels.  Dr. Faghihnia discontinued the Tegretol.  Plaintiff complained of seizures on August 9, 2004.  Plaintiff was seen by a nurse on August 10, 2004, and August 13, 2004, regarding his seizure complaints.  Plaintiff was advised to notify custody staff if he began seizure activity, so the guards could notify health care.  Defendant reviewed plaintiff's chart on August 16, 2004, and noted good blood pressure control.  On September 16, 2004, defendant examined plaintiff regarding the request to restart seizure medication.  Plaintiff complained that he had seizures, but no documented evidence existed and no one witnessed any seizure activity.  As a result, Dr. Faghihnia requested an EEG study to determine if plaintiff suffered a seizure.  After the study was approved, plaintiff signed a release of responsibility cancelling the EEG.  Plaintiff was then cleared for transfer.  Defendant saw plaintiff one more time on November 9, 2004.  He noted that plaintiff refused the EEG and that plaintiff had denied having seizures at that time.  Plaintiff was transferred on November 9, 2004, back to Ojibway Correctional Facility.

Although plaintiff complains that he was seen by defendant Randall on November 16, 2004, plaintiff was actually seen by a different nurse at the facility.  Defendant Randall saw plaintiff on November 22, 2004.  Plaintiff discussed wanting his Tegretol and Ventolin medication renewed. Defendant Randall was concerned about medication compliance and not smoking.  She ordered laboratory tests.  Defendant Randall next saw plaintiff on December 1, 2004, when he requested placement in the pulmonary clinic.  Defendant discussed plaintiff's smoking habit and chronic obstructive pulmonary disease.  She noted that cardiac chronic care was primary, but that plaintiff would be seen for pulmonary concerns.  Defendant Randall states that she did not cancel plaintiff's Nitro medication.  Defendant Randall recorded in plaintiff's chart after a December 17, 2004, visit

that Tegretol would not be restarted without a witnessed seizure.  After plaintiff had his seizure and head concussion, he returned to the prison.  There exists no medical evidence that plaintiff suffered a mild stroke.  Plaintiff was re-enrolled in the seizure clinic and prescribed 200 mg of Tegretol. Plaintiff was also seen by other medical personal throughout the time period that he was seen by defendants.

Under these circumstances, it is the opinion of the undersigned that plaintiff cannot show that his Eighth Amendment rights were violated by defendants.  Defendants examined plaintiff and determined that he should not be taking a seizure medication without evidence of seizure activity.  When an EEG was ordered to determined if any seizures had occurred, plaintiff signed a waiver form stating that he did not want an EEG.  Further, there is no evidence that defendants denied plaintiff Nitro medication.  Under these circumstances, it is the opinion of the undersigned that plaintiff has failed to show a violation of his Eighth Amendment rights.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment.  Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #11) be granted and that this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal.  It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is

barred, he should be required to pay the $455 appellate filing fee in one lump sum.

          NOTICE TO PARTIES:  Objections to this Report and Recommendation must be

served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).

                        /s/ Timothy P. Greeley
                        TIMOTHY P. GREELEY
                        UNITED STATES MAGISTRATE JUDGE

Dated:  July 19, 2006